UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:18-cv-98-FDW

| | |
|---|---|
| RONALD MCCLARY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| FNU BUTLER, ) | **ORDER** |
| ) | |
| Defendant. ) | |
| ) | |

**THIS MATTER** comes before the Court on a Motion for Summary Judgment by Defendant Michael Butler. (Doc. No. 20).

## I. BACKGROUND

Pro se Plaintiff Ronald McClary is a North Carolina inmate currently incarcerated at Scotland Correctional Institution in Laurinburg, North Carolina. Plaintiff filed this action on June 15, 2018, under 42 U.S.C. § 1983, alleging that Defendant Michael Butler sexually assaulted him on May 14, 2018, when Defendant Butler reached into the trap door of Plaintiff's cell and "grabbed [Plaintiff's] genitals and squeezed them." (Doc. No. 1 at 3). On July 5, 2018, Plaintiff filed a verified statement in which he admitted that he failed to exhaust his administrative remedies before filing this lawsuit. (Doc. No. 5 at 1). On August 3, 2018, the Court reviewed the complaint for frivolity under 28 U.S.C. § 1915(e) and § 1915A and allowed Plaintiff's claims to proceed. (Doc. No. 8).

Defendant filed the pending summary judgment motion on December 28, 2018, based on Plaintiff's failure to exhaust his administrative remedies. On January 3, 2019, this Court entered

1

an order, in accordance with Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), advising Plaintiff of the requirements for filing a response to the summary judgment motion and of the manner in which evidence could be submitted to the Court. (Doc. No. 22). Plaintiff has filed his response. (Doc. No. 25).

## II.     STANDARD OF REVIEW

Summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A factual dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A fact is material only if it might affect the outcome of the suit under governing law. Id.

The movant has the "initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (internal citations omitted).

Once this initial burden is met, the burden shifts to the nonmoving party. The nonmoving party "must set forth specific facts showing that there is a genuine issue for trial." Id. at 322 n.3. The nonmoving party may not rely upon mere allegations or denials of allegations in his pleadings to defeat a motion for summary judgment. Id. at 324. The nonmoving party must present sufficient evidence from which "a reasonable jury could return a verdict for the nonmoving party." Anderson, 477 U.S. at 248; accord Sylvia Dev. Corp. v. Calvert County, Md., 48 F.3d 810, 818 (4th Cir. 1995).

When ruling on a summary judgment motion, a court must view the evidence and any

2

inferences from the evidence in the light most favorable to the nonmoving party. Anderson, 477 U.S. at 255. "'Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial.'" Ricci v. DeStefano, 129 S.Ct. 2658, 2677 (2009) (quoting Matsushita v. Zenith Radio Corp., 475 U.S. 574, 587 (1986)).

### III. DISCUSSION

The Prison Litigation Reform Act ("PLRA") requires a prisoner to exhaust his administrative remedies before filing a section 1983 action. 42 U.S.C. § 1997e(a). The PLRA provides, in pertinent part: "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Id. In Porter v. Nussle, 534 U.S. 516 (2002), the Supreme Court held that the PLRA's exhaustion requirement applies to all inmate suits about prison life. The Court ruled that "exhaustion in cases covered by § 1997e(a) is now mandatory." Id. at 524 (citation omitted). The Porter Court stressed that, under the PLRA, exhaustion must take place before the commencement of the civil action in order to further the efficient administration of justice. Id.

In Woodford v. Ngo, 548 U.S. 81 (2006), the Supreme Court held that the PLRA exhaustion requirement requires "proper" exhaustion: "Administrative law . . . requir[es] proper exhaustion of administrative remedies, which 'means using all steps that the agency holds out, and doing so properly (so that the agency addresses the issues on the merits).'" Id. at 90 (quoting Pozo v. McCaughtry, 286 F.3d 1022, 1024 (7th Cir. 2002)). In Jones v. Bock, 549 U.S. 199 (2007), the Supreme Court stated: "There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court." Id. at 211 (citing Porter, 534 U.S. at 524). Finally, it is well-settled that a prisoner may not exhaust his administrative

3

remedies during the pendency of a Section 1983 action; rather, he must fully exhaust all steps of the administrative process before filing his lawsuit. See Germain v. Shearin, 653 Fed. Appx. 231, 234 (4th Cir. 2016); French v. Warden, 442 F. App'x 845, 846 (4th Cir. 2011). The North Carolina Department of Public Safety ("NCDPS") has established, in its Administrative Remedies Procedures ("ARP"), a three-step procedure governing submission and review of inmate grievances. Moore v. Bennette, 517 F.3d 717, 721 (4th Cir. 2008).

Here, Plaintiff admits in his own verified statement that he has not exhausted his administrative remedies. (Doc. No. 5). That is, he did not exhaust his administrative remedies until after he filed this lawsuit—on July 18, 2018, when he received his Step Three response. See (Civ. No. 5:18-cv-118, Doc. No. 1-1 (W.D.N.C.)). As noted above, it is well settled that a prisoner may not exhaust his administrative remedies during the pendency of a Section 1983 action. Therefore, Plaintiff failed to comply with the exhaustion requirements of 42 U.S.C. § 1997e(a), and his claim against Defendant must be dismissed.

The Court further notes that, to the extent that Plaintiff indicates in his verified statement that he had initiated an action under the Prison Rape Elimination Act ("PREA"), 42 U.S.C. § 15601 et seq., and the investigation was pending when Plaintiff filed this action, Plaintiff's initiation of an action under the PREA simply does not satisfy the requirements for exhaustion of administrative remedies under the PLRA. Accord Porter v. Howard, 531 Fed. Appx. 792, 793 (9th Cir. 2013) ("[Plaintiff] provides no support for his contention that he was excused from the requirement that he file an administrative grievance by operation of the Prison Rape Elimination Act of 2003 ...."); Barringer v. Stanley, No. 5:16-CV-17-FDW, 2017 WL 628305, at *2 (W.D.N.C. Feb. 15, 2017) ("Plaintiff's initiation of an action under the PREA simply does not satisfy the requirements for exhaustion of administrative remedies under North Carolina's

4

ARP."); Omaro v. Annucci, 68 F. Supp. 3d 359, 364 (W.D.N.Y. 2014) ("Nothing in the text or legislative history of the PREA suggests that it was intended to abrogate the PLRA's exhaustion requirement."); Lamb v. Franke, No. 2:12-cv-367-MO, 2013 WL 638836, at *2 (D. Or. Feb. 14, 2013) (unpublished) ("The PREA does not impose an alternative remedial scheme, nor does it supersede PLRA's exhaustion requirement."); Myers v. Grubb, No. CV 12-29-H-DLC, 2013 WL 352194, at *1 (D. Mont. Jan. 29, 2013) ("The Prison Rape Elimination Act ('PREA') does not impose a different administrative remedy scheme or supersede PLRA's requirement that a prisoner exhaust all available administrative remedies before filing suit.").

The sole exception to the PLRA's exhaustion requirement provides that an inmate "must exhaust available remedies, but need not exhaust unavailable ones." Ross v. Blake, 136 S. Ct. 1850, 1858 (2016). According to the Supreme Court, there are only three circumstances in which an administrative remedy may be considered not "available": (1) when it "operates as a simple dead end—with officers unable or consistently unwilling to provide any relief to aggrieved inmates"; (2) when it is "so opaque that it becomes, practically speaking, incapable of use"; and (3) when "prison officials thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation." Id. at 1859-60.

The fact that Plaintiff was able to exhaust his grievance through all three steps of the ARP shows that there was an "available" remedy. In addition, Plaintiff does not claim that prison officials hindered, delayed, or otherwise thwarted his ability to properly exhaust his available administrative remedies. The facts of this case do not implicate any of the three circumstances identified by the Supreme Court in Ross. Id. Therefore, because the ARP was available to Plaintiff and Plaintiff was not "thwarted" from submitting grievances addressing his claim, Plaintiff failed to exhaust his administrative remedies before bringing this action.

5

Finally, as Defendant notes, on July 26, 2018, after Plaintiff filed this action, Plaintiff filed another almost identical action against Defendant Butler. (Civ. No. 5:18-cv-00118 (W.D.N.C.). Plaintiff attached to his Complaint in that action grievances and responses demonstrating that Plaintiff exhausted his administrative remedies on his claims against Defendant Butler on July 18, 2018. This Court dismissed the second action as identical to this one. Although it may seem a harsh result to now dismiss this action for failure to exhaust, Plaintiff has been on notice by this Court for several years that exhaustion of administrative remedies is required before filing suits that challenge prison conditions. Indeed, in 2015 this Court put Plaintiff on clear notice that he must exhaust administrative remedies before filing suit, and the Court even warned him that sanctions could result if he continued to file suit without exhausting administrative remedies, given that he has filed several actions in this Court without first exhausting his administrative remedies. See McClary v. Miller, 3:15-cv-00019, Doc. No. 9 at 3 (W.D.N.C. Jan. 29, 2015) (citing two actions filed by Plaintiff that were dismissed for failure to exhaust administrative remedies, and stating that Plaintiff "is on full notice by this point regarding the requirement that he exhaust his administrative remedies before bringing a civil rights action in this Court pursuant to 42 U.S.C. § 1983. If Plaintiff continues to file actions in this Court in which he has not exhausted his administrative remedies, the Court will consider imposing sanctions against Plaintiff, which could include a prefiling injunction."). Because Plaintiff failed to exhaust his administrative remedies before filing this action, this action will be dismissed without prejudice, and the Court will grant Defendant's summary judgment motion.

**IV. CONCLUSION**

In sum, for the reasons stated herein, the Court grants Defendant's summary judgment motion.

**IT IS, THEREFORE, ORDERED** that:

1. Defendant's Motion for Summary Judgment, (Doc. No. 22), is **GRANTED**, and this action is dismissed without prejudice for failure to exhaust administrative remedies.

2. The Clerk is respectfully instructed to terminate this action.

Signed: February 1, 2019

Frank D. Whitney
Chief United States District Judge